UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. FERNANDEZ,

    Plaintiff,

v.                                                CASE NO. 8:09-cv-2064-T-23EAJ

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.

_____/

## **O R D E R**

On September 2, 2009, the plaintiff sued American Security Insurance Company in state court for breach of contract. The complaint alleges that the defendant refuses to pay benefits under an insurance policy covering the plaintiff's home. (Doc. 2, ¶ 11) The complaint states that the amount in controversy exceeds $15,000.00. Additionally, the complaint seeks attorneys' fees pursuant to Section 627.428, Florida Statutes, and costs.

Before addressing the merits of any case, a district court must "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, a district court may raise sua sponte the question of subject-matter jurisdiction "at any stage in the litigation." Arbaugh, 546 U.S. at 506; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

the case shall be remanded."). This action must be remanded because the removing documents fail to establish a basis for federal jurisdiction.

Pursuant to 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction. The removing defendant bears the burden of establishing facts supporting federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005). If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000.00. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). The defendant must present documents received from the plaintiff that "contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), cert. denied, 128 S. Ct. 2877 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.[1]

Apart from a conclusory allegation that the amount in controversy exceeds the jurisdictional amount, the defendant states, "The coverage limits of the policy at issue are $80,000.00." (Doc. 4, ¶ 6) However, the policy limit "does not establish a large

---

[1] See also Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir. 2007), cert. denied, 128 S. Ct. 2877 (2008), ("Though the defendant in a diversity case . . . may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.").

amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." Employers Mut. Cas. Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, at * 2 (S.D. Ala. Dec. 27, 2007).  In short, the defendant alleges no fact showing that the plaintiff's claim (even including potential attorney's fees, as to which the defendant provides no specific allegation or evidence[2]) exceeds the jurisdictional amount.  Instead, the defendant invites the kind of "impermissible speculation" that the Eleventh Circuit Court of Appeals has rejected.[3] Lowery, 483 F.3d at 1220.  Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court for Hillsborough County, Florida.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

---

[2] See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); Fla. Stat. § 627.428(1) (providing that fees shall be awarded if there is a judgment "against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer."). But see Jackson v. Am. Gen. Fin. Servs., Inc., No. 7:06-cv-19, 2006 WL 997614, at *2 (M.D. Ga. Apr. 17, 2006) ("[T]he allegation of attorney's fees must be specific in order for a defendant to meet the burden of proof upon removal."); Wisely v. Allstate Ins. Co., No. 8:05-cv-1659-T-24 MAP, 2006 WL 2189125, at *2 (M.D. Fla. Aug. 1, 2006) (declining to consider attorneys' fees in determining the amount in controversy because the defendant failed to "put forth any evidence from which a specific amount of attorneys' fees can be ascertained.  Therefore, if the Court were to consider Plaintiff's demand for attorneys' fees in calculating the amount in controversy, the amount assigned to Plaintiff's demand for attorneys' fees would be based on pure speculation, since the Court has no way of determining the amount of attorneys' fees."); Wheeler v. Allstate Floridian Indemn. Co., No. 3:05-cv-208, 2006 WL 1133249, at *2 n.13 (N.D. Fla. Apr. 26, 2006).

[3] See also Lowery, 483 F.3d at 1213 n. 63 ("We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to basis its notice—without seriously testing the limits of compliance with Rule 11.").

**NOTICE TO DEFENDANT**

A review of the defendant's cases pending in the Middle District of Florida reveals repeated attempts to remove cases without presenting any evidence in support of jurisdiction. See, e.g., Fox v. American Security Ins. Co., No. 8:09-cv-1289-T-23MAP (M.D. Fla.); Hernandez v. American Security Ins. Co., No. 8:09-cv-1496-T-23EAJ (M.D. Fla.). The defendant and the defendant's counsel are cautioned that any further attempt to remove without presenting evidence in support of jurisdiction will result in monetary sanction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n. 63 (11th Cir. 2007) ("We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to basis its notice—without seriously testing the limits of compliance with Rule 11.").

ORDERED in Tampa, Florida, on October 20, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE